IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY ANDREW HERBST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24 C 1679 |
| | ) |
| THE CITY OF CHICAGO AND THE | ) |
| FRATERNAL ORDER OF POLICE, | ) |
| CHICAGO LODGE #7, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bradley Andrew Herbst has filed a lawsuit against the City of Chicago and Chicago John Dineen Lodge #7 (the Lodge)[1] alleging Fourteenth Amendment due process violations related to his termination from the Chicago Police Department (CPD). Defendants have moved to dismiss Herbst's complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants their motion.

### Background

Herbst was a probationary police officer with the Chicago Police Department (CPD) for over seventeen months in 2017-2018. The CPD terminated Herbst's employment in which it was found after an internal investigation that he made unwanted romantic advances toward another officer during work hours on CPD property. Herbst

---

[1] The Lodge informs the Court that on May 31, 2023, the formal name of the organization "Fraternal Order of Police Chicago Lodge #7" was changed to "Chicago John Dineen Lodge #7." The Court refers to the latter name in this order.

received a letter from the CPD stating that he failed to comply with the rules and regulations of the City of Chicago and the CPD and that his termination date was November 15, 2018.

From 2019 through 2024, Herbst has pursued legal actions challenging his termination. According to Herbst, he was terminated in violation of the rights and privileges granted to him under the collective bargaining agreement (CBA) governing his employment, to which the defendants are parties. Herbst has relied on the language of Appendix P and Article 8 of the CBA to support his position. Appendix P states probationary officers with more than twelve months of employment are entitled to the "rights, privileges, and benefits" under Article 8 of the CBA granted to non-probationary officers. Compl., Ex. F at 11. And Article 8.1 guarantees that "[n]o officer covered by this Agreement shall be suspended, relieved from duty or otherwise disciplined in any manner without just cause." *Id.*, Ex. F at 2.

On August 15, 2019, Herbst filed a state court lawsuit seeking a writ of mandamus, alleging he was terminated "without cause, without due process, without the [P]olice [B]oard" in violation of the rights entitled to him under the CBA. Compl. at 8. On December 10, 2019, the state trial court dismissed Herbst's complaint and noted that "[i]t is a union, not an employee, who may first seek relief in the courts and only if a union breaches its duty of fair representation, may an individual employee bring suit." Def. Lodge's Mem., Ex. A at 1–2. On January 6, 2020, Herbst amended his complaint to allege that the Lodge "did not owe him a duty of fair representation because of his probationary status." *Id.* at 2. The trial court then dismissed Herbst's amended complaint for, among other things, lack of standing. The state appellate court affirmed

the trial court's ruling on June 30, 2021.

Herbst then met with representatives of the Lodge on November 15, 2021 and asked them to appeal his termination to the Police Board. The Lodge denied Herbst's request on February 16, 2022 after concluding that his status as a probationary officer did not entitle him to a review before the Police Board. In April 2022, Herbst filed a charge against the Lodge with the Illinois Labor Relations Board alleging breach of the duty of fair representation. Herbst's charge was unsuccessful in part due to the Board finding that Herbst lacked standing to bring a claim under the CBA.

On February 28, 2024, Herbst filed this single-count complaint under 42 U.S.C. § 1983.[2] Herbst alleges the City of Chicago and the Lodge deprived him of procedural due process rights as guaranteed by the Fourteenth Amendment. Both defendants have moved to dismiss Herbst's complaint. Each defendant raises several grounds for dismissal, but this order addresses only one: the timeliness of Herbst's claim. That basis is sufficient to require dismissal of Herbst's claim on the merits.

## Discussion

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). A complaint may be dismissed for failure to state a claim, however, if the allegations in the complaint "plainly reveal that the action is untimely." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (internal

---

[2] Herbst states he is only raising a Fourteenth Amendment due process claim and no other claims. Accordingly, the Court does not address the defendants' arguments pertaining to claims Herbst has expressly disavowed.

3

quotation marks and alterations omitted).

Herbst asserts a Fourteenth Amendment due process claim against the defendants under section 1983. The statute of limitations "applicable to all [section] 1983 claims brought in Illinois is two years, as provided in 735 ILCS 5/13–202." *Woods v. Ill. Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013). A section 1983 claim "accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Janus v. Am. Fed'n of State, Cty. & Mun. Emps., Council 31; AFL-CIO*, 942 F.3d 352, 361 (7th Cir. 2019) (internal quotation marks omitted). A court determines the accrual date by identifying the plaintiff's injury and when the plaintiff "could have sued for that injury." *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011).

Herbst's complaint is not always clear, but he appears to allege two injuries. The first is that the City of Chicago deprived him of a protectable property interest in his employment by terminating him without cause and without a hearing, contrary to Article 8 of the CBA. Because a "claim for a deprivation of public employment accrues on the actual termination date," *id.*, Herbst's claim accrued, and the two-year limitations period began to run, on November 15, 2018 when he was terminated. Thus the deadline for filings his due process claim was November 15, 2020. Accordingly, Herbst's claim is barred by the statute of limitations because he filed the present lawsuit on February 28, 2024, over three years after the deadline.

The second injury Herbst appears to allege is that the Lodge deprived him of a protectable property interest when it refused to appeal his termination to the Police Board. The accrual date for this claim began, at the latest, on February 16, 2022 when

the Lodge declined Herbst's request to appeal his termination. Thus, the statute of limitations deadline for filing this claim was February 16, 2024. Herbst filed his complaint on February 28, 2024, making his due process claim based on this injury time barred.

Because Herbst's claims are time-barred, the Court need not address the remaining issues raised in the parties' briefs.

## Conclusion

For the reasons stated above, the Court grants the defendants' motions to dismiss [dkt. nos. 11, 22] and directs the Clerk to enter judgment stating: This case is dismissed with prejudice.

Date: September 16, 2024

```
                                        _____
                                              MATTHEW F. KENNELLY
                                            United States District Judge
```